# United States District Court
# Northern District of Indiana

| | |
|---|---|
| EBERAIA FIELDS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANN TORDY, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 3:15-CV-561 JVB |

## OPINION AND ORDER

Eberaia Fields, a *pro se* plaintiff, filed a complaint under 42 U.S.C. § 1983 surrounding his September 12, 2015, arrest and subsequent prosecution. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). Furthermore, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that

1

something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

According to the complaint and attached documents, Fields' vehicle was stopped by officers from the Warsaw Police Department on September 12, 2015. Fields was told that he was stopped for improper display of registration because his license plate light was inoperable. Fields was also told he was a suspect in a physical altercation earlier that night. During the traffic stop, officers observed Fields to be impaired. (DE 1 at 14.) Fields refused to participate in either a field sobriety or alcohol breath test. Fields was placed in custody for suspicion of driving while intoxicated. Based on a probable cause affidavit, the officers obtained a warrant to have Fields blood drawn at a local hospital. (DE 1 at 3, 18, 19.) Ultimately, Fields was charged with a number of criminal offenses, including a felony intimidation.

First, Fields alleges that he was falsely arrested without probable cause by Warsaw police officer Miles Reichard. It is not clear precisely why Fields believes he was falsely arrested. He complains that he was given different reasons why he was pulled over. However, this does not amount to a false arrest. The existence of probable cause is an "absolute bar" to a Fourth Amendment false arrest claim. *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009). The plaintiff bears the burden of proving the absence of probable cause. *Id.* at 706-07. An officer has probable cause to arrest "if a reasonable person would believe, based on the facts and circumstances known at the time, that a crime had been committed." *Id.* at 707. No matter what Fields was told, his Fourth Amendment claim will fail if there was probable cause to arrest him for *any* offense. *Williams v. Rodriguez*, 509 F.3d 392, 399 (7th Cir. 2007). Fields does not dispute that he was involved in an altercation that night, that his license plate light was not working or that he was driving while

2

intoxicated. At a minimum, based on the facts alleged in the complaint and attached documents, there was probable cause to stop Fields based on the traffic violation and probable cause to arrest him for operating a vehicle while intoxicated. For these reasons, Fields has failed to state a plausible Fourth Amendment claim for false arrest.

Next, Fields claims Cpl. Zantman, Officer Weaver and Officer Bombaugh defamed Fields by claiming he intimidated them. However, claims for slander or defamation are not actionable as federal constitutional torts. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Defamation is not a deprivation of liberty within the meaning of the due process clause. *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987). Therefore, these allegations fail to state a plausible claim for which relief could be granted.

Next, Fields alleges that state prosecutors Greg Zoeller, Daniel Hampton, Karin McGrath and Sam Whitaker engaged in malicious prosecution for charging him with crimes that he did not commit. The prosecutors are entitled to absolute prosecutorial immunity and cannot be sued for damages in connection with his decision to initiate charges against Fields. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Thus, these claims, too, fail to state a claim.

Next, Fields alleges that Deputy Castillo gave false statements that were made in the affidavit used to obtain the search warrant for a blood draw.

> Under *Franks v. Delaware*, 438 U.S. 154 (1978), if a defendant can demonstrate by a preponderance of the evidence that the signatory of the warrant affidavit made a false statement (or omitted a material fact) either intentionally or with reckless disregard for the truth, then a court will consider whether the content of the affidavit, setting aside the false material (or including the omitted material),

> is sufficient to establish probable cause. If it is not, the search warrant must be voided and the fruits of the search excluded.

*United States v. Merritt*, 361 F.3d 1005, 1010 (7th Cir. 2004) (parallel citations omitted). If the alleged false statements were not sufficient to result in voiding the warrant and excluding the evidence obtained with it, then Fields suffered no injury as a result of the false statements and he does not have a claim. If the alleged false statements were sufficient to result in voiding the warrant and excluding the evidence obtained with it, then that claim is not ripe until the conviction which resulted from the evidence obtained with that warrant is overturned or set aside. Here, Fields does not identify or explain what false statement was included in the search warrant. And upon review fo the probable cause affidavit, it is not plausible to assume that any such false statement exists. (See DE 1 at 3.) Therefore this allegation, as pled, does not state a claim.

Next, Fields seeks to hold the Mayor of Warsaw as well as the Police Chief of Warsaw and the Police Chief of Winona Lake responsible for the actions of the police officers who arrested him because they was the officers' supervisors. However, because there is no general *respondeat superior* liability under 42 U.S.C. § 1983, neither the mayor nor the police chiefs can be held liable simply because they supervises those officers. *Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009). Therefore, these defendants must be dismissed from this case.

As a final matter, Fields has brought suit against Ann Tordy, the clerk of an unidentified court. Fields complains that she has delayed his obtaining documents, which has burdened him in litigation. Inmates have a First Amendment right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, "only if the defendant's conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed."

4

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Here, Fields makes no mention of any case having been dismissed – nor does he suggest there has been any other concrete injury as a result of his inability to access documents from the clerk's office. As such, there is no basis for inferring that he has suffered any actual injury in that case. *see In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) ("Relief for the denial of access to the courts is intended to remedy rights denied in a separate case due to the impediment. . . . [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.") (internal citation omitted).

It is possible that his case has been hindered or delayed, but a mere delay in litigation is insufficient to demonstrate injury. "[A] delay becomes an injury only if it results in actual substantial prejudice to specific litigation." *Johnson v. Barczak*, 338 F.3d 771, 773 (2003) (quotation mark omitted). In *Johnson*, the Seventh Circuit found that a delay of more than a year did not constitute actual injury because there was no indication that the adjudication of his post-conviction proceeding was adversely impacted by the delay. *Id.* The same is true here. Because Fields has not alleged any actual injury, nor is it plausible to infer that he has incurred any such injury. Without more, he "cannot prevail on his access-to-courts claim." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (*citing Lewis v. Casey*, 518 U.S. 343, 350 (1996).

Though this complaint does not state a claim and while it appears unlikely that Fields will be able to state a claim, because the complaint omits critical facts it is not possible to definitively say that he could not do so. Therefore, Fields will be permitted time to file an amended complaint if he believes that addressing the issues raised in this order will allow him to present the facts necessary to state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In his amended complaint, he needs to sets forth his claims in sufficient detail and address the deficiencies raised

5

in this order. In the amended complaint, he should fully explain in his own words what happened, when it happened, where it happened, and who was involved. In addition, he should also explain whether he was convicted of any or all of the criminal charges complained about in this case.

For the these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Eberaia D. Fields;

(2) **GRANTS** Eberaia D. Fields to and including June 20, 2016, to file an amended complaint; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED** on May 12, 2016.

   s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division